No attorney for plaintiff.

William J. O'Brien, Philadelphia, Pa., for defendant.

**Raymond J. SHIRE**

v.

**J. M. KERNAN.**

**Civ. A. No. 32409.**

United States District Court
E. D. Pennsylvania.

May 16, 1967.

## MEMORANDUM OPINION

FULLAM, District Judge.

Plaintiff was not represented by an attorney at the trial of this case, but instead acted as his own counsel. He had previously been represented in this action, at various times, by at least two sets of eminently qualified and reputable attorneys, but later consented to their withdrawal. He was granted various continuances of the trial so that he might, if he chose, retain other counsel. As early as June 1966, plaintiff stated of record that he intended to act as his own lawyer at trial, and there can be no question whatever that when the case was finally reached for trial in October of 1966,

plaintiff's decision to act as his own counsel was voluntary and long planned.

As often happens in such situations, so many allowances were made in plaintiff's favor because of his alleged lack of knowledge of legal proceedings that, had the verdict been favorable to the plaintiff, the defendant would probably have been entitled to a new trial. However, the jury found in favor of the defendant, on the express ground that they found the plaintiff guilty of contributory negligence.

Plaintiff has now obtained still another lawyer, in an attempt to secure a new trial on the sole ground of plaintiff's lack of representation at the trial.

Argument on plaintiff's post-trial motions was postponed at his request so as to enable him to obtain counsel, and thereafter was postponed again so as to enable his new counsel to review the record and prepare his argument. When the case was finally argued, counsel conceded that no error appeared in the record and, as noted above, based his argument solely upon the contention that the lack of counsel made the trial necessarily unfair. Plainly, there is no merit to this contention. Plaintiff had a legal right to act as his own lawyer, and in the absence of any suggestion that he was incompetent to make that decision, there is no basis for permitting a belated change of mind.

Moreover, I do not believe that even the most skillful attorney could have changed the facts of the accident, which admittedly occurred in a blinding snowstorm on the Pennsylvania Turnpike. There was sharp disagreement in the testimony on certain issues, but under any view of the evidence it would be difficult to avoid the conclusion that either both drivers were negligent, or neither was.

And, while unnecessary to the present decision in view of the explicit finding of contributory negligence, I believe it appropriate to observe that the undisputed and documented medical history of the plaintiff was such that any finding of causal relationship between the accident and the damages sought would have been contrary to the overwhelming weight of the evidence.

Plaintiff's motion for a new trial will be refused.